An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-29

Filed 5 August 2026

Forsyth County, No. 23CVS002927-330

DESTINY TODD, ADMINISTRATIX OF THE ESTATE OF LADAZIA CROCKETT, Plaintiff,

v.

DR. ANDREW PYLANT, FORSYTH EMERGENCY SERVICES, PA, NOVANT HEALTH INC., d/b/a NOVANT HEALTH GATEWAY FAMILY MEDICINE AND NOVANT HEALTH FORSYTH MEDICAL CENTER, FORSYTH MEDICAL GROUP, LLC, NOVANT MEDICAL GROUP, INC., WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER, AND ATRIUM HEALTH, Defendants.

Appeal by plaintiff from order entered 10 September 2024 by Judge Eric C. Morgan in Superior Court, Forsyth County. Heard in the Court of Appeals 13 August 2025.

*The Rogers Law Firm PLLC, by Allen W. Roger, and Coy E. Brewer, PLLC, by Coy E. Brewer, for plaintiff-appellant.*

*Batten McLamb Smith, by Jaye E. Bingham-Hinch, Leigh Ann Smith, and Arienne Blandina, for defendants-appellees Novant Health, Inc. d/b/a/ Novant Health Gateway Family Medicine and Novant Health Forsyth Medical Center; Forsyth Medical Group, LLC; and Novant Medical Group, Inc.*

STROUD, Judge.

Plaintiff appeals from an order entered on 10 September 2024 granting

summary judgment in favor of some but not all defendants. Because Plaintiff's appeal is from an interlocutory order, we dismiss this appeal.

On 13 June 2023, Plaintiff, Destiny Todd, Administratrix for the Estate of Ladazia Crockett filed a complaint against Defendants Dr. Andrew Pylant, Forsyth Emergency Services, PA; Novant Health, Inc. d/b/a/ Novant Health Gateway Family Medicine and Novant Health Forsyth Medical Center; Forsyth Medical Group, LLC; Novant Medical Group, Inc.; Wake Forest University Baptist Medical Center; and Atrium Health, alleging claims of medical malpractice and wrongful death arising from Defendants' medical treatment of Ms. Crockett. Plaintiff requested damages in excess of $25,000 and attorney fees.

On 10 September 2024, the trial court entered an order granting summary judgment in favor of defendants Novant Health, Inc. d/b/a/ Novant Health Gateway Family Medicine and Novant Health Forsyth Medical Center; Forsyth Medical Group, LLC; and Novant Medical Group, Inc. for all claims against them. The claims against the remaining defendants were not dismissed.

Plaintiff appeals, arguing that the claims against two of the defendants, Novant Health Gateway Family Medicine and Novant Medical Group, Inc., should not have been dismissed. Plaintiff contends she is appealing from a final judgment appealable under North Carolina General Statute Section 7A-27(b)(1), but the summary judgment order is interlocutory since Plaintiff's claims against Dr. Andrew Pylant, Forsyth Emergency Services, PA; Wake Forest University Baptist Medical

Center; and Atrium Health were not dismissed and are still pending.

> It is well established that the entry of summary judgment for fewer than all defendants is not a final judgment and is not immediately appealable unless it affects a substantial right or is certified pursuant to N.C. Gen. Stat. § 1A–1, Rule 54(b) (1990). Because the trial court did not certify the appeal pursuant to Rule 54(b), and we conclude that there is no substantial right involved, the appeal is premature.

*Long v. Giles*, 123 N.C. App. 150, 152, 472 S.E.2d 374, 375 (1996) (citation omitted).

The trial court did not certify that there is no just reason to delay appeal. Further, Plaintiff has not argued a substantial right that will be impaired by not allowing review of the interlocutory order. Since Plaintiff has not made any argument as to why an interlocutory appeal would be proper in this case, we must dismiss this appeal. *See Doe v. City of Charlotte*, 273 N.C. App. 10, 22, 848 S.E.2d 1, 10 (2020) ("[T]he appellant must explain, in the statement of the grounds for appellate review, why the facts of that particular case demonstrate that the challenged order affects a substantial right." (citation and quotation marks omitted)). Accordingly, this appeal is dismissed.

DISMISSED.

Judges FLOOD and FREEMAN concur.

Report per Rule 30(e).